CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

August 07, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

DRESHON XAVIER TYLER,                    )
      **Plaintiff,**                        )        **Civil Action No. 7:25cv00679**
                                        )
v.                                       )        **MEMORANDUM OPINION**
                                        )
                                        )        **By:  Robert S. Ballou**
DAVID ZOOK,                              )        **United States District Judge**
      **Defendant.**                       )

Dreshon Xavier Tyler, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he did not receive appropriate medical care for an injury he suffered upon arrival at Wallens Ridge State Prison.  Dkt. 1.  On November 6, 2025, the case was dismissed for failure to comply with a court order requesting that Tyler prepay the filing fee or submit information to proceed *in forma pauperis*.  Dkt. 4, Dkt. 5.  The Court received Tyler's trust account information on November 14, 2025, Dkt. 6, and the case was re-opened the same day.  Dkt. 7.  The case was subsequently conditionally filed, Dkt. 8, and on May 27, 2026, Tyler was ordered to amend his Complaint within 30 days because he failed to state a claim under § 1983.  Dkt. 10.  To date, Tyler has not amended and more than 30 days have elapsed.  For the following reasons, I conclude that the action must be summarily dismissed.

Tyler's allegations are terse:  "Upon my arrival I notified Wallens Ridge that my hand was broken and they neglected to fix it resulting in permanent damage."  Dkt. 1.  As relief, Tyler seeks "to sue for the damages of [his] hand being permanently deformed."  *Id*.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or]

fails to state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The only defendant that Tyler names in his § 1983 claims is Wallens Ridge Warden, David Zook. Liability under § 1983 is "personal, based on each defendant's own constitutional violations." *Trulock v. Freech*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted). Thus, a § 1983 claim requires concise factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by the defendant) (internal citation and quotation omitted). While Tyler names Zook as a Defendant, Tyler fails to explain what Zook did to violate Tyler's rights.

Furthermore, to prove that denial of medical care in prison violated his constitutional rights, an inmate must show that the defendants acted with "[d]eliberate indifference to [his] serious medical needs." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished). Deliberate indifference requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or

-2-

disagreements between doctor and patient about the prisoner's treatment plan.  *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  "Questions of medical judgment are not subject to judicial review."  *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).  Tyler's allegations are pure conclusions and naked assertions.  He fails to explain who at Wallens Ridge he "notified," or how "they neglected to fix it."  The Complaint is completely devoid of any facts to support a § 1983 claim of deliberate indifference to a serious medical need.

Because Tyler's complaint presents no legal basis for a claim actionable under § 1983 against the only defendant he has named, the court will summarily dismiss this action without prejudice under § 1997e(c)(1) for failing to state a claim upon which relief can be granted.  Dismissal without prejudice leaves Tyler free to refile his § 1983 claims in a new and separate civil action, if he so desires, provided that the new lawsuit names as the defendant a person subject to suit under § 1983.

A separate Order will be entered herewith.

Enter:  August 7, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge

-3-